UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZIEBART
INTERNATIONAL
CORPORATION,

          Plaintiff,

v.

Z TECHNOLGIES
CORPORATION,

          Defendant.
_____/

Case No. 5:15-cv-11745
Judge Judith E. Levy
Magistrate Judge Anthony P. Patti

### ORDER GRANTING IN PART AND DENYING IN PART Z TECHNOLOGIES CORPORATION'S MOTION (DE 27) TO COMPEL ZIEBART INTERNATIONAL CORPORATION TO PROVIDE DISCOVERY REGARDING FORMULAS OTHER THAN FORMULA Q

Plaintiff Ziebart International Corporation ("Ziebart") filed the instant lawsuit against Defendant Z Technologies Corporation ("Z Technologies") on May 15, 2015. The causes of action include (I) federal trademark infringement under 15 U.S.C. § 1114, (II) common law trademark infringement, (III) false designation of origin or sponsorship, false advertising and trademark infringement under 15 U.S.C. § 1125(a), and (IV) breach of contract. (DE 1.)

On July 20, 2015, Defendant Z Technologies filed an answer, which included counterclaims of (I) breach of contract against Ziebart, (II) misappropriation of trade secrets against Ziebart, (III) misappropriation of trade

secrets against Pure Asphalt, (IV) declaratory judgment against Ziebart and Pure Asphalt, and (V) cancellation of trademark registration against Ziebart. (DE 9 at 30-37.) Of particular import here are Paragraph 35 of Z Technologies' counterclaims, which concerns formulas and other confidential and proprietary information aside from Formula Q (DE 9 at 27), and Paragraph 17(b) of the September 18, 2001 amended supply agreement, which concerns, among other things, confidentiality and disclosure (DE 9-5 at 10).[1]

Currently before the Court is Z Technologies' December 9, 2015 motion to compel Ziebart to provide discovery regarding formulas other than Formula Q, Ziebart's response, Z Technologies' reply and the parties' joint statement of unresolved issues. (DE 27, 28, 30, 32 and 33.).[2] Counsel for each of the parties appeared before me for an extensive oral argument on January 21, 2016.

For the reasons stated on the record, Z Technologies Corporation's motion to compel Ziebart International Corporation to provide discovery regarding formulas other than Formula Q (DE 27) is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[1] Exhibit D to Defendant's Answer (DE 9-5) has been placed under seal. (DE 11.)

[2] Judge Levy has referred this motion for hearing and determination (DE 29). Plaintiff has filed a response (DE 30), Defendants have filed a reply (DE 32) and the parties have provided a joint list of unresolved issues (DE 33).

- Plaintiff Ziebart **SHALL** answer Z Technologies' **Requests for Admission Nos. 2-22 & 25** in compliance with Fed. R. Civ. P. 36(a)(4).

- Defendant Z Technologies' motion is **DENIED WITHOUT PREJUDICE** to the extent it sought further answers to **Interrogatories Nos. 2, 3, 4, 6 & 7**.

- Plaintiff Ziebart **SHALL** supplement its answer to a modified version of **Interrogatory No. 5**, which is now limited in scope to seeking information regarding disclosure of any formulas and performance specifications (of those items transferred in 1996) to third parties from 2006 forward, including the identity of any supplier(s) to which the disclosure was made.

- Plaintiff Ziebart **SHALL** modify its answer to **Interrogatory No. 8** to clarify whether it applies to all formulas, rather than limiting its answer to Formula Q only.

- Defendant Z Technologies' motion is **DENIED WITHOUT PREJUDICE** to the extent it sought further responses to **Requests for Production Nos. 2 & 9-14**.

Plaintiff Ziebart **SHALL** produce the information ordered above within twenty-one (21) days of the date of this order or within twenty-one (21) days of the entry of a protective order, whichever is later, the parties having mutually represented that a stipulated protective order is very soon to be filed.

Fees and costs will not be awarded, neither party having fully prevailed and unusual factual and legal issues having been necessarily considered by the Court.

Finally, the parties are encouraged to mutually agree upon a mediator in an effort to resolve this matter.

...

**IT IS SO ORDERED.**

Dated: January 22, 2016               s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on January 22, 2016, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager to the
                                      Honorable Anthony P. Patti