# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**ZIEBART INTERNATIONAL CORPORATION, a Michigan corporation,**

      Plaintiff/Counterclaim Defendant,

**v.**

**Z TECHNOLOGIES CORPORATION,**

      Defendant/Counterclaim Plaintiff

and

**PURE ASPHALT COMPANY**,

      Counterclaim Defendant.

Case No. 5:15-cv-11745
Hon. Judith E. Levy
Magistrate Judge Anthony P. Patti

## STIPULATED PROTECTIVE ORDER

Whereas the parties are in competition with one another and it is anticipated that confidential information, including trade secrets and financial information, will be exchanged, the following Protective Order shall govern the exchange of such confidential information.  This Protective Order shall also establish procedures for addressing the inadvertent disclosure of information subject to a claim of privilege or other protection.

1.      <u>DEFINITIONS</u>

1.1     <u>"Confidential Information"</u>: information (regardless of how it is generated, stored or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), whether it be a document, tangible thing, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

1.2     <u>"Highly Confidential – Attorneys' Eyes Only Information"</u>: extremely sensitive "Confidential Information," the disclosure of which would create a substantial risk of serious harm to the producing or disclosing party.

1.3     <u>Protected Material</u>: any information that is designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information" pursuant to this Protective Order.

1.4     <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

1.5     <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action that is subpoenaed or otherwise required to produce documents in this litigation, including all of its officers, directors, employees, consultants, retained experts, and the Non-Party's outside counsel  (and their support staffs).

1.6     <u>Designating Party:</u> a Party or Non-Party that designates information that it produces or discloses as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information."

1.7     <u>Receiving Party:</u> a Party or Non-Party that receives information that has been designated as "Confidential Information" or "Highly Confidential – Attorneys' Eyes Only Information."

1.8     <u>Outside Counsel of Record:</u> attorneys who are not employees of a Party but are retained to represent or advise a Party and have appeared in this action or are affiliated with a law firm which has appeared in this action.

1.9     <u>Expert:</u> a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its Counsel of Record to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

1.10     <u>Professional Vendors:</u> persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.      DESIGNATING PROTECTED MATERIAL

      2.1      Documents and things produced which contain Confidential Information shall be designated as such by marking each page of the document or thing at or before the time of production or by marking the media on which it is produced substantially as follows:

"CONFIDENTIAL"

or

"CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER"

Documents and things produced which contain Highly Confidential – Attorney's Eyes Only Information shall be designated as such by marking each page of the document or thing at or before the time of production or by marking the media on which it is produced substantially as follows:

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY"

or

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY

PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original documents, the Designating Party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the Receiving Party.  If marking is to occur when the copies are produced or exchanged, the Designating Party shall inform the party inspecting the original documents and the original documents will be treated as "CONFIDENTIAL"  and "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" until copies of the documents are produced or exchanged, unless agreed otherwise.

2.2     <u>Failure to Properly Designate.</u>

If timely corrected, a failure to designate information as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information does not waive the Designating Party's right to later designate information as such, including the right to change the designation from Confidential Information to Highly Confidential – Attorneys' Eyes Only Information or vice versa.  Upon timely correction of a designation (or lack thereof), the Receiving Party must make reasonable efforts to ensure that the Protected Material is treated as newly designated going forward in accordance with the provisions of this Protective Order, subject to the right to challenge the designation set forth in section 2.3 below.

2.3     <u>Challenging Designations.</u>

A Receiving Party shall not be obligated to challenge the propriety of a Designating Party's designation of information as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge to such designations.  In the event that the Receiving Party disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, the Receiving Party shall notify the Designating Party in writing as to the specific objections, along with the bases (both factual and legal) for the objections.  The Receiving Party and Designating Party shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while the dispute is being resolved.  If the dispute cannot be resolved, or if an emergency develops, the Receiving Party may seek appropriate relief from this Court, and the Designating Party shall have the burden of proving the propriety of the challenged designations.

2.4     <u>Withdrawal of Designation.</u>

Nothing shall (i) prevent the Designating Party from withdrawing a designation or (ii) prevent disclosure of information protected by this Protective Order if the Designating Party consents to the disclosure in writing or if the Court orders such disclosure.

3.     <u>ACCESS TO AND USE OF PROTECTED MATERIAL.</u>

3.1     <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by a Designating Party in connection with this litigation only for prosecuting, defending, or attempting to settle the litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized to receive it under this Protective Order.

3.2     <u>Disclosure of Confidential Information.</u>  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated as Confidential Information only to:

a.     The author or recipient of a document containing the Confidential Information or a custodian or other person who otherwise possessed or knew the information.

b.     Outside Counsel of Record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;

c.     Court reporters and their staff who agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A, attached hereto;

d.      Any Experts, professional jury or trial consultants, or Professional Vendors who agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A, attached hereto.  A copy of the signed Agreement(s) must be provided to the other Parties at least ten (10) days before access is allowed to the Confidential Information.

e.      Two officers from each Receiving Party designated specifically by the Receiving Party who agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A.  A copy of the signed Agreement(s) must be provided to the other Parties at least ten (10) days before access is allowed to the Confidential Information.

f.      The Court and its personnel;

g.      Any other person who is authorized to receive Confidential Information by order of this Court or by written agreement of the Designating Party.  Any person authorized to receive Confidential Information under this subparagraph must agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A.

3.3     <u>Disclosure of Highly Confidential – Attorneys' Eyes Only Information.</u> Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information designated as Highly Confidential – Attorneys' Eyes Only Information only to:

a.      The author or recipient of a document containing the Highly Confidential – Attorneys' Eyes Only Information or a custodian or other person who otherwise possessed or knew the information.

b.      Outside Counsel of Record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation.

c.      Court reporters and their staff who agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A, attached hereto;

d.      Any Experts, professional jury or trial consultants, or Professional Vendors who agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A, attached hereto.  A copy of the signed Agreement(s) must be provided to the other Parties at least ten (10) days before access is allowed to the Highly Confidential – Attorneys' Eyes Only Information.

e.      The Court and its personnel;

f.      Any other person who is authorized to receive Confidential Information by order of this Court or by written agreement of the Designating Party.  Any person authorized to receive Highly Confidential – Attorneys' Eyes Only Information under this subparagraph must agree in writing to be bound by the terms of this Protective Order by completing and signing a Confidentiality Agreement in the form of Exhibit A.

4.      <u>DESIGNATION AND USE OF PROTECTED MATERIAL AT DEPOSITION</u>

4.1      Information disclosed at the deposition of a Party or Non-Party or one of their present or former officers, directors, employees, agents, or Experts may be designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information, by indicating (1) on the record at the deposition that the particular testimony is Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and subject to the provisions of this Protective Order or (2) by indicating in writing within twenty (20) days of

receipt of the transcript by counsel that the particular testimony is Confidential Information or Highly Confidential – Attorneys' Eyes Only Information and subject to the provisions of this Protective Order.  Until such information is so designated or until the twenty (20) day period passes, the material is to be treated as if it is Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.  Otherwise, such information will not be considered Protected Material under this Protective Order.

4.2     A Party or Non-Party may, in a deposition, show any witness any Protected Material the witness is otherwise entitled to see under the terms of this Protective Order.  Pursuant to the terms of this Protective Order, a Party or Non-Party party may, in a deposition, also show any director, officer, employee, consultant or agent of a Designating Party any Protected Material designated as such by the Designating Party.

5.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

5.1     If a Receiving Party is served with a discovery request, subpoena or a court order issued in other litigation that compels or seeks to compel disclosure of any Protected Material, the Receiving Party must:

a.     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

c.      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

6.      A NON-PARTY'S PROTECTED MATERIAL PRODUCED OR DISCLOSED IN THIS LITIGATION

6.1      The terms of this Protective Order are applicable to information produced or disclosed by a Non-Party in this litigation and designated as Protected Material, although nothing herein should be construed as prohibiting a Non-Party from seeking additional protections or other modifications to this Protective Order

7.      USE OF PROTECTED MATERIAL IN COURT.

7.1      Use of Protected Material shall be permitted in Court, subject to the terms of this Protective Order, although at trial the use of Protected Material may be governed by a trial protective order if such an order is stipulated to by the Parties or requested by a Party and entered by the Court.  In the event that a witness who is entitled to receive Protected Material pursuant to the terms of this Protective Order is to be shown such material in the courtroom, or in the event that a witness may be asked to disclose Protected Material in the courtroom, the Designating Party shall be given notice that its Protected Material may be disclosed and shall have the right to exclude all persons from the courtroom before the taking of the witness's testimony, other than those persons who are permitted to receive the Protected Material pursuant to the terms of this Protective Order.

7.2      All documents, information, or testimony filed with the Court which have previously been designated as Protected Material, and all items which reveal the content of such documents, information, and testimony, shall be filed in compliance with E.D. Mich. LR 5.3.

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

8.      PROSECUTION BAR

Absent written consent from the Designating Party, any Receiving Party who receives access to Protected Material shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the Protected Material before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination or inter partes reexamination). This Prosecution Bar shall begin when the Receiving Party first receives access to Protected Material and shall end two (2) years after final termination of this litigation.

9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The inadvertent production of privileged or otherwise protected material shall not be deemed a waiver of any applicable privilege or protection.  If information is produced in discovery that is subject to a claim of privilege, of protection as trial-preparation material, or other protection, the Party or Non-Party making the claim may notify any Party and Non-Party that received the information of the claim and the basis for it. After being notified, the Parties and Non-Parties in possession of the information must promptly return, destroy or sequester it, and any copies of it, and they may not use or disclose the information until the claim is resolved. If the claim of privilege or of protection as trial-preparation material is disputed, the Party or Non-Party making the claim bears the burden of proving it.  If (and only if) the Court so orders,

the Party or Non-Party may submit the information to the Court for in camera review in determining the claim.

10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.1   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the Confidentiality Agreement attached hereto as Exhibit A.

10.2   No party shall be responsible to another party for any disclosure or use made of information produced and not designated as Protected Material at the time of any such disclosure or use, with the exception that information first divulged in a deposition shall automatically be treated as Confidential Information and Highly Confidential – Attorneys' Eyes Only Information for the first 20 days after it is divulged in accordance with section 4.1. The use or disclosure of information after its production but before its designation as Protected Material shall not affect the right of the Designating Party to correct the designation pursuant to section 2.2.

11.   FINAL DISPOSITION

Within sixty (60) days after the conclusion of this litigation, the Receiving Party shall return or destroy originals or reproductions of any documents or things produced by a Designating Party containing Protected Material, except that Outside Counsel of Record may retain for its archive a single copy of any such materials. Outside Counsel of Record may also retain all exhibits, deposition transcripts, correspondence and papers filed with the Court, and

each Party's Certified Public Accountant may retain one copy of any financial information he or she has reviewed. There shall be no restriction on the disclosure or use of any trial exhibits, unless the exhibits were filed under seal and the Court has not lifted any such restriction on the same.

      12.    <u>MISCELLANEOUS</u>

      12.1    Insofar as the provisions of this Protective Order restrict the communication and use of documents or objects, such Protective Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the Designating Party or further order of the Court with respect to dissolution or modification of this Protective Order.

      12.2    The designation of any material in accordance with this Protective Order as constituting or containing Protected Material is intended solely to facilitate the preparation and trial of this action, and treatment of such material in conformity with such designation will not be construed in any way as an admission or agreement by anyone that the designated material constitutes or contains any confidential or proprietary information.

      12.3    This Protective Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

      12.4    This Protective Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

      12.5    Nothing in this Protective Order shall bar or otherwise restrict any counsel for a Receiving Party from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated Protected Material,  provided that no disclosure of the substance of any such material shall be made except

13

as (i) permitted herein or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs a Party or Non-Party has offered.

       12.6   This Protective Order has been entered to facilitate discovery and the production of relevant evidence in this action.  Neither the entry of this Protective Order, nor the designation of any material as Protected Material, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

       12.7   This Protective Order shall remain in full force and effect throughout this action and after its conclusion and until modified, superseded or terminated by order of the Court or by agreement of the Parties.

IT IS SO ORDERED.

Dated: March 2, 2016             s/Judith E. Levy
Ann Arbor, Michigan            JUDITH E. LEVY
                                United States District Judge

**Approved as to form and substance:**

**BROOKS KUSHMAN P.C.**         **DICKINSON WRIGHT PLLC**

 /s/ Robert C. Brandenburg          /s/ Benjamin M. Sobczak
Thomas A. Lewry (P36399)          Benjamin M. Sobczak (P73567)
Robert C. Brandenburg (P28660)      *Local Counsel*
*Attorneys for Plaintiff*
Dated: January 25, 2016           Daniel N. Jabe (OH 0076834)
                                  John C. Camillus, Of Counsel (OH 0077435)
                                  JABE LAW FIRM LLC
                                  *Attorneys for Defendant and Counterclaim Plaintiff Z Technologies Corporation*
                                  Dated: January 25, 2016

/s/ Darrick J. Hooker
Darrick J. Hookers
*Attorneys for Pure Asphalt,*
Dated: January 25, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 2, 2016.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**ZIEBART INTERNATIONAL**
**CORPORATION, a Michigan corporation,**

    Plaintiff/Counterclaim Defendant,

Case No. 5:15-cv-11745-JEL-APP

**v.**

**Hon. Judith E. Levy**
**Magistrate Judge Anthony P. Patti**

**Z TECHNOLOGIES CORPORATION,**

    Defendant/Counterclaim Plaintiff

and

**PURE ASPHALT COMPANY**,

    Counterclaim Defendant.

**CONFIDENTIALITY AGREEMENT**

I, _____, declare that:

1.    My address is _____.

2.    My present employer is _____, and the address of my present employer is _____

_____.

3.    My present occupation or job description is _____

_____.

4.    My relationship to parties to the litigation or involvement in the litigation is _____

_____.

6.    I have received a copy of the Protective Order in this action.

**EXHIBIT A**

7.      I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.

8.      When the action is terminated, I will return all Protected Material which comes into my possession, and any documents I have created containing Protected Material, to Outside Counsel of Record for the Party or Non-Party who involved me in the litigation.

I declare, under penalty of perjury, that the foregoing is true and correct.


Executed on: _____      Signature:  _____

Print Name: _____